IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-50551
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO FRAUSTO-DURAN,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas
USDC No. EP-99-CR-185-2-H

April 4, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Fernando Frausto-Duran (Frausto) was convicted of aiding and abetting the illegal importation of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and 18 U.S.C. § 2. He contends that the evidence was insufficient to support his conviction, arguing that the district court erred in denying his motion for judgment of acquittal. We are unpersuaded and now affirm.

"The standard of review for sufficiency of evidence is whether *any* reasonable trier of fact could have found that the evidence

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

established guilt beyond a reasonable doubt."[1] "In evaluating the sufficiency of the evidence, we consider the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in support of the verdict."[2]

Frausto contends that the evidence is insufficient to establish that he aided and abetted his son, Gregorio, and their co-conspirator in the commission of the offense. To establish guilt as an aider and abettor under 18 U.S.C. § 2, the government must prove that the defendant: "(1) associated with a criminal venture, (2) participated in the venture, and (3) sought by action to make the venture successful."[3] He argues that the evidence was insufficient to support a reasonable inference that he knew that marijuana was concealed in the camper of the truck in which he was a passenger.[4] However, Frausto testified at trial that he knew the marijuana was in the camper. Although he subsequently attempted to

---

[1] *United States v. Martinez*, 975 F.2d 159, 160-61 (5th Cir. 1992).

[2] *United States v. Ivy*, 973 F.2d 1184, 1188 (5th Cir. 1992).

[3] *United States v. Fierro*, 38 F.3d 761, 768 (5th Cir. 1994).

[4] *See* 21 U.S.C. § 960(a) (2001) (penalizing the knowing and intentional importation of a controlled substance); *United States v. Valencia*, 907 F.2d 671, 680 (7th Cir. 1990) ("The state of mind required for conviction as an aider and abettor is the same state of mind as required for the principal offense."); *United States v. Ortiz-Loya*, 777 F.2d 973, 980 (5th Cir. 1985) (stating that, for purposes of an aiding and abetting offense, "[a]ssociation means that the defendant shared in the criminal intent of the principal.").

retract this statement, a jury was entitled to credit this and other government evidence tending to prove that Frausto possessed the requisite guilty knowledge.[5]

The jury could also have reasonably concluded that Frausto "participated" in the criminal venture. A jury could have found that Frausto told the customs inspector that the truck belonged to him. Moreover, Frausto testified that Gregario told him, "You look older, and you're a grown man, and, so, the inspectors aren't going to think that you are in a loaded truck." Frausto also had worked as a guard at ports of entry in the El Paso area; in fact, one of the supervisors recognized him on the day he was arrested. It is therefore a fair inference that Frausto, Gregario, and their co-conspirator expected that Frausto's presence in the truck, in addition to his statement that the truck belonged to him, would reduce the likelihood of a thorough inspection. As the evidence was accordingly sufficient to support Frausto's conviction, we AFFIRM the district court's denial of his motion for judgment of acquittal.

AFFIRMED.

---

[5] *See United States v. Merida*, 765 F.2d 1205, 1220 (5th Cir. 1985) ("[A] jury may choose to believe part of what a witness says without believing all of that witness's testimony.").